UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

MARK CHABAN,

    Debtor-Appellant.
                                                /

Case No. 2:17-cv-11139

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER AFFIRMING THE BANKRUPTCY
COURT'S DECISION AND REQUIRING DEBTOR-APPELLANT TO
SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED UNDER FRBP 8020**

Debtor-Appellant Mark Chaban yet again appeals a decision of the United States Bankruptcy Court for the Eastern District of Michigan.[1] The Court has jurisdiction to hear the appeal under 28 U.S.C. § 158(a). The Court will affirm the bankruptcy court's decision.

**BACKGROUND**

The instant dispute traces back to two state trial court sanctions judgments issued against Chaban. *See* ECF 8, PgID 76–82, 140–43; *see also Chaban v. Rathore*, No. 308326, 2013 WL 6124250 (Mich. Ct. App. Nov. 21, 2013) (Michigan Court of Appeals opinion upholding sanctions order). Chaban filed a personal Chapter 7 bankruptcy petition, and creditor Fred Freeman filed an adversary proceeding to dispute the dischargeability of one of the judgments. *See* Case No. 14-bk-05126. Bankruptcy Judge Walter Shapero ruled that the debt was non-dischargeable under 11 U.S.C. § 523(a)(6), ECF 4, PgID 49–50. Freeman and another creditor, Bob Woodward, attempted to file Proofs of Claim against the bankruptcy estate. Chaban objected to the claims as incomplete, and Judge

---

[1] The initial papers for this appeal are attached to the Motion to Permit Appeal that Chaban filed in Case Number 2:15-cv-13383. The Court recently granted the motion and permitted the instant appeal. The Court will consider those papers along with those filed in conjunction with the Amended Notice of Appeal filed here.

Shapero held a hearing, which included the following exchange:

> MR. FREEMAN: [M]ay I be granted time to file an -- an amended claim since I did file the judgment with it at that time. But it's up to the Court what the Court wants to do obviously. But I'd ask for time to amend. I did file something because there's a claim.
>
> THE COURT: Yes, that's true. But that's under the ECF procedures you filled out something, but that's not the proof of claim.
>
> MR. FREEMAN: Very well. I'd ask the Court for time to allow me to do it properly.
>
> THE COURT: I'm going to sustain the objection to the claim. If you -- if you want to file something else --
>
> MR. FREEMAN: I do.
>
> THE COURT: Subject to any further objection Mr. Chaban might assert to what you file, that's -- and then we'll deal with that at that time.
>
> MR. FREEMAN: I understand.
>
> THE COURT: And then I'll give you how much time do you want to do that?
>
> MR. FREEMAN: I would just need seven days.
>
> THE COURT: All right.
>
> \* \* \*
>
> MR. HILL [representing Woodward]: . . . I'm asking the Court for some additional time, seven days like Mr. Freeman.
>
> THE COURT: I'll make the same ruling in respect to your claim.
>
> MR. HILL: Thank you, Judge.
>
> THE COURT: As Mr. Freeman subject to Mr. Chaban's any further objections substantively or procedurally.
>
> MR. HILL: Thank you, Judge.
>
> THE COURT: Seven days is all right to file your --

2

> MR. HILL: That's fine, yes.
>
> THE COURT: Okay. That's my ruling[.]
>
> MR. HILL: Thank you, Judge.
>
> THE COURT: -- in that. Mr. Chaban, do you have any problem with my rulings?
>
> THE DEBTOR: No, I'll file an objection. Any objection I have. And I would assume if they have seven days, I have seven days after that to file any objections.
>
> THE COURT: No. You'll just abide by the rules. So if they file -- whatever they file whatever the procedural rules require with reference to a response, you're bound by that.
>
> THE DEBTOR: Very good, Judge.

ECF 8, PgID 92–94. The court subsequently entered two minute entries on the docket:

> Minute Entry. Objection To Claim Sustained. (related document(s): 203 Objection to Claim with response date and Notice of Hearing filed by Mark Anthony Chaban) (jmurp) (Entered: 08/27/2015)
>
> Minute Entry. Objection To Claim Sustained. (related document(s): 202 Objection to Claim with response date and Notice of Hearing filed by Mark Anthony Chaban) (jmurp) (Entered: 08/28/2015)

*Id.* at 119. Freeman and Woodward each filed an amended claim, and Chaban did not object. *Id.* at 72–84.

The bankruptcy trustee filed a report allocating $2,803.00 and $800.00 to Freeman and Woodward, respectively, and Chaban objected. Freeman filed a motion for Bankruptcy Judge Maria Oxholm to issue an order which complied with Judge Shapero's hearing, to allow an amended claim, and to allow the trustee to distribute the funds. Judge Oxholm held a hearing and made several findings: (1) there was never an order entered reflecting Judge Shapero's ruling; (2) Judge Shapero's minute entries were not binding like text-only

3

orders; (3) Chaban, "as the prevailing party, should have submitted an order," and without such an order, there was nothing for her to correct; (4) Judge Shapero's ruling was a clear offer for the creditors to correct their claims within a seven-day window, subject to any substantive or procedural objections; and (5) because Chaban never objected, the parties should submit an order consistent with Judge Shapero's ruling. *Id.* at 162–64. In subsequent orders, she overruled Chaban's objection, Case No. 14-bk-52133, ECF 290, and retroactively granted the creditors leave to file their amended claims, finding that the filings were timely in the absence of any objection from Chaban. *Id.* at ECF 289.

## STANDARD OF REVIEW

The Court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *In re AMC Mortg. Co.*, 213 F.3d 917, 920 (6th Cir. 2000). The Court reviews procedural rulings for abuse of discretion. *In re M.J. Waterman & Assocs., Inc.*, 227 F.3d 604, 607–08 (6th Cir. 2000) (quotation omitted). An abuse of discretion is a "definite and firm conviction that the [court below] committed a clear error of judgment." *Id.* "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Id.* at 608.

## DISCUSSION

First, Chaban argues that Judge Shapero's minute entries were orders that resolved "all open issues." ECF 8, PgID 149. As an initial matter, Chaban's argument contradicts his own statements at the hearing; namely, that he had no problem with Judge Shapero's ruling to allow the creditors additional time to amend their claims, that he intended to object to the amended claims, that he assumed that "if [the creditors] have seven days" to amend

4

their claims, he would had seven days to file any objections, and that he agreed to be bound by "whatever the procedural rules require with reference to a response." ECF 8, PgID 92–94. Now, he argues that "the transcript reveals the [sic] Judge Shapiro [sic] did not intend to expand the time for filing claims," and the minute entries following the hearing reflected Judge Shapero's desire to disallow the creditors' claims. *See* Case No. 15-cv-13383, ECF 11, PgID 107–08. Chaban's argument is frivolous, and raised—transparently—out of sheer obstinacy. In any event, Judge Shapero's minute entries were not binding orders, and they certainly did not disallow the creditors' claims. *United States v. Holloway*, 142 F.3d 437, at *2 n.1 (6th Cir. 1998) ("[A] court speaks through its judgment . . . not its minute entries.").

Second, Chaban claims Judge Oxholm erred by retroactively allowing the creditors' untimely claims absent a motion or order for an expansion of time, retroactively denying Chaban the right to object to the claims, and requiring Chaban to submit an order that reflects a minute entry in the absence of any order so stating. ECF 8, PgID 149. Federal Rule of Bankruptcy Procedure 9006(b) affords the bankruptcy court discretion to grant a party's pre-deadline request for more time to act, or to grant a party's post-deadline motion for more time to act "where the failure to act was the result of excusable neglect." The term "excusable neglect" is "a somewhat elastic concept" that is not limited to omissions caused by circumstances beyond the movant's control. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. Although it is not a "necessary or complete list," the Sixth Circuit has identified five factors for "case-by-case adjudication" of "excusable neglect" for a late proof

of claim:

> (1) whether granting the delay will prejudice the debtor;
> (2) the length of the delay and its impact on efficient court administration;
> (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform;
> (4) whether the creditor acted in good faith; and
> (5) whether clients should be penalized for their counsel's mistake or neglect.

*In re Pioneer Inv. Servs. Co.*, 943 F.2d 673, 677 (6th Cir. 1991), *aff'd sub nom.*, 507 U.S. 380 (1993).

After reviewing the record and considering the above factors, the Court finds that Judge Oxholm did not abuse her discretion. The facts are straightforward: the creditors timely filed their initial claims, Chaban objected, and Judge Shapero clearly afforded the creditors an opportunity to amend their claims, subject to "any further objections substantively or procedurally." ECF 8, PgID 92–94. The creditors filed the amended claims and Chaban did not object. At that point, it appears everyone agreed that the amended claims were permitted, and properly filed.

The agreement lasted until it was time for the trustee to allocate funds to the creditors. Chaban objected to the trustee's report, and Freeman moved for an order reflecting Judge Shapero's ruling and allowing the amended claims. The post-deadline motion was proper under Bankruptcy Rule 9006(b), because the filing constituted "excusable neglect." Judge Oxholm correctly read Judge Shapero's ruling as a clear offer for the creditors to correct their claims within a seven-day window. Her order simply memorialized the ruling, and allowed the court to proceed with its administration of the trustee's report. Chaban was not prejudiced by the creditors' good-faith reliance on Judge Shapero's ruling. And Judge Oxholm did not "retroactively deny [Chaban] the right to object to the claims"—Chaban

6

forfeited that opportunity on his own when he chose not to file objections.

Judge Oxholm's decisions were well-reasoned, procedurally sound, and equitable in nature. As a result, they "will not be disturbed[.]" *In re Waterman*, 227 F.3d at 607. And the Court will affirm the bankruptcy court's decision.

The Court has thoroughly documented Chaban's history of frivolous appeals. The instant appeal adds another chapter. *See* Case No. 2:15-cv-12361, ECF 20; Case No. 2:15-cv-13383, ECF 9, 15; Case No. 2:15-cv-11879, ECF 10; Case No. 2:14-cv-14559, ECF 8, 12. Accordingly, the Court will order Chaban to show cause why the Court should not sanction him under Bankruptcy Rule 8020.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the bankruptcy court's decision is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Chaban shall **SHOW CAUSE** in writing within **10 days** of this Order why the Court should not issue sanctions under Federal Rule of Bankruptcy Procedure 8020. Failure to respond and abide by the Court's order will result in immediate sanctions without further notice or hearing.

**IT IS FURTHER ORDERED** that within **7 days** of Chaban's filing, creditors Fred Freeman and Bob Woodward shall **FILE** on the docket a Notice of Fees and Costs, which shall include, at minimum, a detailed itemization of their reasonable fees and expenses associated with the instant appeal.

**SO ORDERED**.

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: June 13, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 13, 2017, by electronic and/or ordinary mail.

        s/David P. Parker
        Case Manager